UNITED STATES DISTRICT COURT

MIDDLE DISTRICT OF LOUISIANA

DARRYLE THIBODEAUX                                  CIVIL ACTION

VERSUS                                                               NO. 18-426-SDD-EWD

LEXINGTON INSURANCE COMPANY

**ORDER**

Before the Court is a Complaint filed by plaintiff Darryle Thibodeaux.[1] In the Complaint, Plaintiff asserts this Court has diversity jurisdiction pursuant to 28 U.S.C. § 1332 "because the amount in dispute is greater than $75,000 and Defendant is a foreign entity."[2] The Complaint contains the following allegations regarding the citizenship of the parties:

> 5. For all relevant times, Plaintiff owned a house at 7456 Magnolia Garden Court, Denham Springs, Louisiana 70726.
> 6. Defendant is a private insurance company organized under the laws of the State of Delaware with its principal place of business at 99 High Street Suite/Mail Stop: 23rd Mail Room, Boston, MA 02110.
> 7. Defendant is authorized to do business in Louisiana and has designated the Louisiana Secretary of State located at 8585 Archives Avenue, Baton Rouge, LA 70809 as its agent for service of process.[3]

Proper information regarding the citizenship of all parties is necessary to establish the Court's diversity jurisdiction. In the Complaint, citizenship has not been adequately alleged. As an initial matter, the Complaint contains no allegation of citizenship with respect to Plaintiff. The Fifth Circuit has explained that, "For diversity purposes, citizenship means domicile; mere residence in the State is not sufficient." *Mas v. Perry*, 489 F.2d 1396, 1399 (5th Cir. 1974)

---

[1] R. Doc. 1.
[2] *Id.* at ¶ 2.
[3] *Id.* at ¶¶ 5-7.

(citations omitted).  With respect to defendant Lexington Insurance Company ("Lexington"), the Complaint fails to specify what form of entity it is, alleging only that it is "a foreign entity."[4]  If Lexington is a corporation, Plaintiff must allege the entity's place of incorporation and principal place of business.  *See*, 28 U.S.C. § 1332(c).  If, however, Lexington is an unincorporated association or a limited liability company, Plaintiff must allege the name and domicile of each member of the entity.  *See, Harvey v. Grey Wolf Drilling Co.*, 542 F.3d 1077, 1080 (5th Cir. 2008).

Accordingly,

**IT IS HEREBY ORDERED** that Plaintiff shall have seven (7) days from the date of this Order to file a comprehensive amended Complaint (*i.e.*, it may not refer back to or rely on any previous pleading) without further leave of Court properly setting forth the citizenship particulars required to establish that the Court has diversity jurisdiction over this case under 28 U.S.C. § 1332(a), which will become the operative complaint in this matter without reference to any other document in the record.

Signed in Baton Rouge, Louisiana, on April 9, 2018.



**ERIN WILDER-DOOMES**
**UNITED STATES MAGISTRATE JUDGE**

---

[4] *Id.* at ¶ 2.